DECISION
Before the Court is the complaint of plaintiff Edward S. Inman, III, in his capacity as Secretary of State, seeking declaratory judgment pursuant to R.I.G.L. § 9-30-1, et seq.
 FACTS AND TRAVEL
On November 4, 1986, plaintiff Edward S. Inman ("Inman") was elected a member of the Rhode Island House of Representatives. He served in this capacity until January 9, 2001 when the General Assembly, meeting in Grand Committee pursuant to Article 4, Section 4 of the Rhode Island Constitution, elected him to fill the position of Secretary of State vacated by James Langevin upon his election to the United States Congress. Article 4, Section 4 provides in relevant part "in case of a vacancy in the office of the secretary of state, . . . the general assembly in grand committee shall elect someone to fill the same. . . ." On January 10, 2001, Inman resigned as a member of the House of Representatives and was sworn in as Secretary of State later that day.
On the last mentioned date, Operation Clean Government ("OCG") and Common Cause ("Cause") filed complaints with the Rhode Island Ethics Commission ("Commission") alleging that plaintiff Inman violated Ethics Regulations §§ 36-14-5-6 and 36-14-7 by accepting election as Secretary of State. The Commission previously had adopted Ethics Regulations §§ 36-14-5-7 in 1991 as modifications to the Rhode Island Code of Ethics in Government. Ethics Regulation §36-14-5-6 specifically states:
 "No elected or appointed official may accept any appointment or election by the body of which he or she is or was a member, to any position which carries with it any financial benefit or remuneration, until the expiration of one year after termination of his or her membership in or on such body, unless the Ethics Commission shall give its approval for such appointment or election, and, further provided, that such approval shall not be granted unless the Ethics Commission is satisfied that denial of such employment or position would create hardship for the body, board, or municipality."
Ethics Regulation § 36-14-5-7 states:
 "No member of the General Assembly shall seek or accept state employment as an employee or consultant, not held at the time of the member's election, while serving in the General Assembly and for a period of one year after leaving legislative office."
Cause further asserted that Inman violated Article 3, Section 7 of the Rhode Island Constitution and R.I.G.L. § 36-14-1 when he did not seek an advisory opinion from the Commission before accepting election to the office of Secretary of State.
On January 25, 2001, pursuant to R.I.G.L. § 42-9-6, Inman requested that the Department of the Attorney General defend him in his capacity as Secretary of State against the complaints filed against him with the Commission by OCG and Cause as aforesaid.
On November 17, 1988, long prior to the matters here in controversy, the Commission had issued an advisory opinion ("Opinion") with respect to its interpretation of the Rhode Island Code of Ethics ("Code"), regarding, specifically, how the Code applies to legal counsel for a state board, commission or agency in representing state employees charged with a Code violation. The Opinion is entitled "General Commission Advisory Opinion No. 4" and has not been amended or rescinded in any way since its issue.
The Opinion concluded that representation of a member of a state board, commission or agency by legal counsel to such public body in any matter arising under the Code would be improper because, to the extent that legal counsel represents the interests of a state agency, the Commission considers the legal counsel itself to be subject to the Code in connection with that representation. A possible ethical violation would arise for counsel contesting the same rules he/she is subject to in that instant representation.
On February 5, 2001, the Attorney General informed Inman that he would not be able to represent him pending the outcome of an action filed by the Attorney General before this Court for declaratory judgment to settle a conflict between the relevant statutes providing for such representation and the Opinion advising against this type of representation.
At a hearing on March 16, 2001 this Court entered an order staying any further proceedings by the Commission on the allegations against Inman by OCG and Cause. This Court further granted the Attorney General's motion to intervene in this case. The parties next appeared before this Court on March 23, 2001 on the Commission's motion for reconsideration of this Court's stay order. This motion was denied conditioned on the tolling of the applicable Commission time frames for proceeding on such complaints. An agreed statement of facts was filed by the parties on March 30, 2001. The Attorney General moved this Court, pursuant to R.I.G.L. § 9-24-47, to certify three questions to the Rhode Island Supreme Court. On April 5, 2001, this Court granted the Attorney General's motion and certified the three following questions to the Rhode Island Supreme Court:
 "1) (a) Whether Ethics Regulations §§ 36-14-5-6 and 36-14-5-7 restrict the Grand Committee's authority pursuant to Article 4, Section 4 of the Rhode Island Constitution to select one of its own members to fill a vacancy in the office of Secretary of State?
 (b) Whether Ethics Regulations §§ 36-14-5-7, if construed to restrict the Grand Committee's authority to select one of its own members to fill a vacancy in the office of Secretary of State, are unconstitutional as contravening Article 4, Section 4 of the Rhode Island Constitution and/or the separation of powers doctrine?
 2) Whether Edward S. Inman, III, violated Article 3, Section 7 of the Rhode Island Constitution and R.I.G.L. § 36-14-1 when he did not seek an advisory opinion from the Rhode Island Ethics Commission prior to accepting the election to Secretary of State?
 3) (a) Whether Rhode Island Ethics Commission Advisory Opinion No. 4 precludes the Attorney General from representing Edward S. Inman, III, and other state officials before the Ethics Commission?
 (b) Whether Rhode Island Ethics Commission Advisory Opinion No. 4, if construed to preclude the Attorney General from representing Edward S. Inman, III and other state officials before the Ethics Commission, is subordinate and must yield to the powers and statutory duties of the Attorney General under R.I.G.L. §§ 9-31-1
through 13 and/or the power of the Supreme Court to regulate the practice of law?"
On May 4, 2001 the Rhode Island Supreme Court remanded the three certified questions to this Court to "address the issues raised . . . as they might arise in the course of addressing and resolving the merits of the underlying lawsuit." Inman, et al v. Rhode Island Ethics Commission, No. 2001-138 (R.I., filed May 24, 2001). Because plaintiff Inman, defendant Commission and intervener Whitehouse all adopted, essentially, the same position with respect to the answers to the certified questions, this Court permitted the appearance of OCG as amicus curiae, allowing OCG to file a memorandum and participate in oral argument on the issues in October, 2001. These three issues are now before this Court for declaratory judgment.
 DISCUSSION
Plaintiff first argues that Ethics Regulations §§ 36-14-5-6 and36-14-5-7 do not restrict the authority of the General Assembly meeting in Grand Committee pursuant to Article 4, Section 4 of the Rhode Island Constitution to select one of its own members to fill a vacancy in the office of Secretary of State. Plaintiff contends that construing the Regulations in such a manner would contravene this section of the Rhode Island Constitution. Article 4, Section 4 of the Rhode Island Constitution states, in relevant part: "In case of a vacancy in the office of the secretary of state . . . from any cause, the general assembly in grand committee shall elect some person to fill the same. . . ." R.I.Const. Article 4, Section 4.
In re Advisory Opinion to the Governor, 612 A.2d 1 (R.I. 1992), the Rhode Island Supreme Court upheld the Commission's limited power to enact substantive ethics laws concurrent to the General Assembly's constitutional power to do the same. The Court defined the Commission's specific constitutional grant to enact a code of ethics holding that:
 ". . . Such an affirmative grant of power to the commission necessarily implies a limitation of the same on the part of the General Assembly or any other body. This is not to say however, that the General Assembly is prohibited from enacting ethics laws all together: rather, the General Assembly is merely limited to enacting laws that are not inconsistent with, or contradictory to, the code of ethics adopted by the commission." In re Advisory Opinion to the Governor, 612 A.2d 1, 14 (R.I. 1992).
The Court In re Advisory Opinion to the Governor, 633 A.2d 664 (R.I. 1993) explained that where the Commission and the General Assembly enact ethics laws in the same area, the two regulations should be read together in a way that is consistent with the objectives of both law-making bodies and which "harmonizes" the goals of both groups. See id at 669. Because the Commission and the General Assembly have concurrent power to enact ethics regulation, courts should attempt to read enactments by the two bodies in a manner that treats both enactments as valid and not inconsistent with one another. Id.
In this case there is an important distinction between the Commission's constitutional power to enact ethics regulations and the General Assembly's constitutional power to elect an individual to fill a vacant state office. Article 4, Section 4 of the Rhode Island Constitution specifically gives the General Assembly the power to fill vacancies in state offices. The Commission's constitutional power to create ethics regulations does not allow it to trump this specific constitutional power of the General Assembly simply by creating a new ethics regulation.
The language in Article 4, Section 4 is unambiguous. It states that the General Assembly has the authority to elect some person to fill a vacancy in the office of Secretary of State. A violation of the separation-of-powers doctrine results from allowing a state agency through a regulatory provision such as Ethics Regulations §§ 36-14-5-6 and 36-14-5-7, to constrain the General Assembly's constitutional authority to fill vacancies in state offices such as Secretary of State.
Plaintiff further contends that allowing the Ethics Regulations to prevail over Article 4, Section 4 would violate Article 6, Section 1 of the Rhode Island Constitution, the state's supremacy clause, by placing a regulatory restriction on a constitutional provision. Article 6, Section 1 declares: "This Constitution shall be the supreme law of the state, and any law inconsistent therewith shall be void." R.I. Const. Article 6, Section 1.
To allow the application of Ethics Regulations §§ 36-14-5-7 in this case would violate the separation-of-powers doctrine and Article 6, Section 1 of the Rhode Island Constitution. While the enactment of these regulations was indeed a valid exercise of the Commission's constitutional authority pursuant to Article 3, Section 8 of the Rhode Island Constitution, it is important to recognize that regulations and statutes, while constitutionally enacted, are not superior to specific constitutional powers granted to the Grand Committee by the Constitution of the State of Rhode Island.
The use of the word "election" in the language of Article 4, Section 4 may lead the reader to believe, as OCG contends, that it refers to a popular election whereby the people of the State of Rhode Island must vote to fill the vacancy. Webster's Dictionary defines election as "an act or process of electing. . . ." Webster's Collegiate Dictionary 400 (9th ed. 1991). Elect is defined as "to select by vote for an office, position or membership. . . ." Id. Just as there is nothing in the Webster's definition of election regarding a popular election, Article 4, Section 4 of the Rhode Island Constitution does not include any reference to a popular election. It is clear from the constitutional language of Article 4, Section 4 that the word election in this context refers to a scenario where the General Assembly meets in Grand Committee and votes to [s]elect an individual to fill a vacant position.
OCG argues in addition that §§ 36-14-5-6 and 36-14-5-7 are special provisions that apply to a specific area of state government and as such should prevail over the language of the Constitution. The Court In Re Advisory Opinion of the Governor, 732 A.2d 55 (R.I. 1999) ruled that a Commission Regulation which attempted to limit the General Assembly's authority to appoint its own members to state boards, agencies and commissions was invalid because the Commission could not take away the Legislature's constitutional power to appoint its own members to state boards and commissions by virtue of the Commission's own constitutional authority to enact a substantive code of ethics. Here, the Commission's constitutional enactment of the Ethics Regulations, which binds officers of the State of Rhode Island, cannot trump the language of the Rhode Island Constitution because, under the Supremacy Clause, an agency-enacted regulation does not override the Constitution of the State of Rhode Island. The next issue before this Court is whether plaintiff, as asserted by Cause in its complaint to the Commission, violated Article 3, Section 7 of the Rhode Island Constitution when he did not seek an advisory opinion from the Commission before accepting the appointment to Secretary of State.
Article 3, Section 7 of the Rhode Island Constitution states:
 ". . . public officials and employees must adhere to the highest standards of ethical conduct, respect the public trust and the rights of all persons, be open, accountable and responsive, avoid the appearance of impropriety and not use their position for private gain or advantage. Such persons shall hold their positions during good behavior."
Neither the language of this Section nor the statute requires an appointee to state office to seek an advisory opinion of the Commission regarding his/her appointment. That notion is compounded in this case by the fact that there was no ethics violation as a result of Inman's election to the office of Secretary of State. Thus, there was not even a question regarding his need to seek an advisory opinion from the Commission. Assuming arguendo, however, that an ethics question did materialize from Inman's appointment, use of the advisory process is permissive and not mandatory. See Ethics Regulation § 36-14-1024(a).[1] Thus, Inman had a right but not an obligation to seek an advisory opinion from the Commission regarding the applicability of §§ 36-14-5-6 and 36-14-5-7 to his appointment to the office of Secretary of State. See id. His failure to seek an opinion from the Commission was not in violation of the Rhode Island Constitution.
The final issue before this Court is whether the Attorney General is constitutionally permitted to represent Secretary Inman in the matters before the Commission and this Court. In its Opinion, the Commission concludes that a member of a state board or commission may not be represented by the legal counsel of that state board or commission in any matter arising under the Code. The Opinion states that representation of a member of a state board, commission or agency by legal counsel to such public body in any matter arising under the Code would be improper because, to the extent that legal counsel represents the interests of a state agency, the Commission considers the legal counsel itself to be subject to the Code in connection with that representation. A possible ethical violation would arise for counsel contesting the same rules he/she is subject to in that instant representation.
While the Opinion opposes the representation of a member of a state board or commission by counsel for that board or commission, it does not preclude the Attorney General from representing state officers and employees pursuant to R.I.G.L. § 42-9-6. That section states in relevant part:
 "Except as otherwise in the general laws provided, the attorney general, whenever requested, shall act as the legal adviser of the individual legislators of the general assembly, of all state boards, divisions, departments, and commissions and the officers thereof, of all commissioners appointed by the general assembly, of all the general officers of the state, and of the director of administration, in all matters pertaining to their official duties, and shall institute and prosecute, whenever necessary, all suits and proceedings which they may be authorized to commence, and shall appear for and defend the above-named individual legislators, boards, divisions, departments, commissions, commissioners, and officers, in all suits and proceedings which may be brought against them in their official capacity."
The Commission does not disagree with this contention. In fact, the Commission agrees that the Attorney General, by law, represents a state official sued in his/her capacity as a state official, and the discretion to represent only arises when an official is sued in an individual capacity in actions brought under 42 U.S.C. § 1983.
R.I.G.L. § 9-31-8 provides: "Except as provided in § 9-31-9, the attorney general shall, upon written request of an employee or former employee of the state of Rhode Island, defend any action brought against the state employee or former state employee, on account of an act or an omission that occurred within the scope of his or her employment with the state." The Attorney General may refuse to defend a state employee only when he or she determines that the defense would not be in the best interest of the State such as, among other things, when the act or omission was not within the scope of the employment or the act or failure to act was the result of actual fraud, willful misconduct, or actual malice. See R.I.G.L. § 9-31-8. In this case, Inman was brought before the Commission in his official capacity as Secretary of State. Consequently, the Attorney General must represent him in this matter as it is clear that Inman's election to the office of Secretary of State was not the result of actual fraud, willful misconduct, actual malice, or anything else that would render his defense not in the best interest of the State of Rhode Island.
After careful review of the arguments submitted by the parties in this case, as well as the brief of amicus curiae submitted by OCG, this Court finds in response to the three certified questions remanded to this Court by the Rhode Island Supreme Court that: 1) Ethics Regulations §§36-14-5 and 36-14-6 do not restrict the Grand Committee's authority pursuant to Article 4, Section 4 of the Rhode Island Constitution to select one of its own members to fill a vacancy in the office of Secretary of State; 2) Inman did not violate either Article 3, Section 7 of the Rhode Island Constitution or R.I.G.L. § 36-14-1 when he did not seek an advisory opinion from the Commission prior to accepting the election to the office of the Secretary of State; and 3) Advisory Opinion No. 4 does not preclude the Attorney General from representing Inman and other state officials before the Commission. This Court grants declaratory judgment consistent with the foregoing in favor of plaintiff Inman.
Counsel for Secretary of State Inman shall present an order and a judgment to enter upon notice to counsel for the other parties hereto and to amicus curiae OCG.
[1] Ethics Regulation § 36-14-1024(a) states in relevant part: "A person subject to the Code of Ethics may request an advisory opinion relative to the provisions of the Code which may affect him or her . . ." Ethics Regulation § 36-14-1024(a) (emphasis added).